**Dorsey DALES**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare.**

**Civ. A. No. 74-221-A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Nov. 5, 1974.

Gerald P. Coleman, Grundy, Va., for plaintiff.

E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for defendant.

**MEMORANDUM OPINION
and ORDER**

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare

denying her claim for widow's benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 et seq. Jurisdiction is pursuant to § 413(b) of the Act, 30 U.S.C. § 923 (b) which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The sole issue to be decided by this court is whether the Secretary's decision is supported by "substantial evidence," and if it is, this court must affirm.

■ Under the applicable statutory sections, 411, 412, 30 U.S.C. §§ 921, 922, and regulations 20 C.F.R. § 410.210, in order for plaintiff to establish her entitlement to benefits, she had to show that she was the unmarried widow of a miner upon whom she was dependent at the time of his death; that she filed a claim for benefits in accordance with the provisions of the Act; and that at the time of her husband's death, he was totally disabled due to pneumoconiosis or that his death was due to pneumoconiosis. The basis for denying plaintiff's application in this case was the failure to show that her husband's death was due to pneumoconiosis or that he was totally disabled by pneumoconiosis.

■ Briefly stated, the evidence developed below demonstrated that plaintiff's husband died on May 22, 1963, as the result of a slate fall in the mines. Plaintiff testified that he was working regularly in the mines but that because of his illness, he was planning to quit soon. The evidence established that he had worked at least twenty-five years as a coal miner in underground mines.

The only medical evidence in the record is a report from Dr. J. P. Sutherland, dated February 19, 1974. Dr. Sutherland stated that Mr. Dales had been treated by him for many years and that Mr. Dales suffered from bronchitis, fibrosis, and emphysema. It was his opinion that the miner had advanced and complicated pneumoconiosis at the time he was killed, but Dr. Sutherland did not show that his findings were based on clinical studies. There are no x-rays, pulmonary function studies or arterial blood gas tests in the record.

Plaintiff also testified as to her husband's condition. She said he was not really able to work but had to work in order to support his family. He was always short of breath and weak, and he had been taking medication for this condition.

Pursuant to § 411(b) of the Act, the Secretary is required to prescribe the standards for determining whether a miner was totally disabled due to pneumoconiosis or whether his death was due to pneumoconiosis. Several methods of establishing pneumoconiosis have accordingly been established, e. g., 20 C.F. R. §§ 410.414, 410.418, 410.454, 410.456, 410.462, 410.490. But under any of the relevant provisions, plaintiff has failed to meet her burden of proof. While the evidence does indicate that the miner had some shortness of breath, he was working at the time of his death, and a finding of total disability cannot be found under § 410.490, the most liberal criterion. Nor is it established under any of the permanent criteria.

Accordingly, the court is constrained to conclude that the Secretary's decision is supported by "substantial evidence" and must be affirmed. Therefore, summary judgment is granted in favor of the defendant.