**Opal ROWE**

**v.**

**Caspar WEINBERGER, Secretary of Health, Education and Welfare.**

**Civ. A. No. 74–319–A.**

United States District Court, W. D. Virginia.

May 27, 1975.

James R. Moore, Abingdon, Va., for plaintiff.

Paul R. Thomson, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION
## and ORDER

TURK, Chief Judge.

Plaintiff is appealing the final decision of the Secretary of Health, Education and Welfare denying her claim for widow's benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq*. The only issue to be decided in this appeal is whether the Secretary's decision is supported by substantial evidence, and if it is, this court must affirm.

The medical evidence shows that the miner was killed in a mine accident on July 17, 1970. He had worked in the mines about twenty-two years, and x-rays taken before his death indicated that he had simple pneumoconiosis, at least 1/1 q, s. According to the plaintiff, the miner was short of breath and weak; he had chest pains; and he coughed frequently. Statements from fellow workers and associates attest to the breathing difficulty experienced by the late miner.

■ In an opinion adopted by the Secretary, the Administrative Law Judge concluded that since the miner was "regularly" employed in the mines and was killed on the job, there could be no showing of total disability. While this court has so held, *Dorsey Dales v. Caspar Weinberger*, 390 F.Supp. 593, (W. D.Va.1975), the court is of the opinion that the instant case is readily distinguishable from *Dales*. Where a miner missed many days of work because of breathing problem and where he was given some make-work job, not comparable to his usual coal mine work, one cannot say that he was regularly employed at the time of his death so as to rebut any presumption of total disability. *See* 20 *C.F.R.* § 410.490.

The testimony revealed that the miner had planned to quit work in August, 1970. He spent his miner's vacation in the hospital because of his breathing problem and had only been back at work four days when he was killed. In order to get his last job in the mines, he had to sign a waiver of lung related workmen's compensation benefits.

Mr. Estel Ray, a former employer, testified that the deceased miner was not able to perform the hard jobs so Mr. Ray let him run the motor. Mr. Ray also noted that while the miner was a loader and being paid by the number of carloads, his production was down and consequently his pay was down.

■ The court concludes that the miner's work record and type of employment shortly before his death need to be investigated more thoroughly. A reading of the transcript and the Administrative Law Judge's opinion shows that he failed to explore in any detail these significant areas. Accordingly, for good cause shown, this case is remanded to the Secretary for further consideration. Upon remand, either side may present additional evidence.