**Mary K. POWERS, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of
Health, Education and Welfare,
Defendant.**

Civ. A. No. 74-326-A.

United States District Court,
W. D. Virginia,
Abington Division.

May 27, 1975.

J. D. Morefield, Abingdon, Va., for plaintiff.

Carr L. Kinder, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

Plaintiff is appealing the final decision of the Secretary of Health, Education and Welfare denying her claim for widow's benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* The only issue to be decided in this appeal is whether the Secretary's decision is supported by substantial evidence, and if it is, this court must affirm.

The medical evidence shows that the miner was killed in a mine accident on December 16, 1954. X-rays taken before the miner's death indicated that he had simple pneumoconiosis, at least 1/1 q. He had worked in the mines about fourteen years. According to the plaintiff, the miner was very short of breath and had a difficult time working the last years of his life. She testified that he was being treated by a family doctor for asthma. Statements from fellow workers generally substantiated the widow's description of his ailments.

In an opinion adopted by the Secretary, the Administrative Law Judge concluded that since the miner was "regularly" employed in the mines and was killed on the job, there could be no showing of total disability. While this court has so held, *Dorsey Dales v. Caspar Weinberger,* 390 F.Supp. 593 (W.D.Va.1975), the court is of the opinion that the instant case is readily distinguishable from *Dales.* Where a miner missed many days of work because of his breathing problem and where he was given some make-work or supervisory job not comparable to his usual coal mine work, one cannot say that he was "regularly" employed at the time of his death so as to rebut any presumption of total disability. *See* 20 C.F.R. § 410.490.

Plaintiff testified that her husband had been out of the mines about a year because of breathing problems. He only went back into the mines at the request of his father-in-law to help him in opening a new mine. He had a supervisory position and did not actually mine the coal. He had been back in the mines about three months when he was killed. Plaintiff also testified that he did not receive much compensation for this work, only some house coal. Furthermore,

the miner's earnings record for the year immediately preceding his death shows a significant reduction in earnings.

The court concludes that the miner's work record and type of employment shortly before his death need to be investigated more thoroughly. A reading of the transcript and the Administrative Law Judge's opinion shows that he failed to explore in any detail these significant areas. Accordingly, for good cause shown, this case is remanded to the Secretary for further consideration. Upon remand, either side may present additional evidence.