Angeline **CORRIDONI**

v.

Caspar **WEINBERGER**, Secretary of
Health, Education and Welfare.

Civ. No. 74–116.

United States District Court,
M. D. Pennsylvania.

Sept. 22, 1975.

John F. Miller, Jr., Luzerne County
Legal Services Ass'n, Inc., Wilkes-Barre,
Pa., for plaintiff.

Laurence Kelly, Asst. U. S. Atty.,
Scranton, Pa., for defendant.

MEMORANDUM AND ORDER

NEALON, District Judge.

This is an action brought under 42
U.S.C.A. § 405(g) to review a decision of
the Secretary of Health, Education and
Welfare, denying the plaintiff's claim,
as a widow of a miner, for "Black Lung"
benefits, pursuant to the Federal Coal
Mine Health and Safety Act of 1969, as
amended, 30 U.S.C.A. § 901 et seq. Un-
der the Act, benefits are payable to living
miners who are totally disabled due to
pneumoconiosis arising out of coal mine
employment and also to the surviving de-
pendents of a miner who was receiving

benefits at the time of his death, or whose death was due to such disease, or who was totally disabled due to pneumoconiosis at the time of his death. Presently before the Court is the Secretary's motion for summary judgment.

Plaintiff would be entitled to widow's benefits if she established that she (1) is the widow of a miner; (2) is not married, or for the months prior to May 1972, had not remarried since the miner's death; (3) had filed a claim for benefits in accordance with the provisions of the Act; (4) was dependent upon the miner at the time of his death; *and* either (5) that the deceased miner was entitled to benefits at the time of his death; or (6) that the miner died before January 1, 1974, and was totally disabled due to pneumoconiosis at the time of his death, or that his death was due to pneumoconiosis. 30 U.S.C.A. §§ 902(e), 921(a), and 922(a)(2); Social Security Regulations. No. 10, 20 C.F.R. § 410.210, and regulations cited therein. The only one of the above factors at issue here is (6) and, in that regard, the Secretary has concluded that plaintiff has not shown that the deceased miner was totally disabled due to pneumoconiosis at the time of his death, or that his death was due to pneumoconiosis. The issue, therefore, is whether the Secretary's decision is supported by substantial evidence.[1]

Pursuant to section 411(b) and (c) of the Act, 30 U.S.C.A. § 921(b) and (c), the Secretary has prescribed standards for determining whether a miner's death or total disability was due to pneumoconiosis, 20 C.F.R. 410.401 et seq., and four alternative tests have been developed. Under the first test, the interim adjudicatory rule, a rebuttable presumption of death or total disability arises where (a) an X-ray, biopsy, or autopsy confirms the *existence* of pneumoconiosis, or (b) the miner worked more than 10 years in the mines and ventilatory function studies establish the *presence* of a chronic respiratory or pulmonary

disease. Soc.Sec.Reg. § 410.490, 20 C.F.R. The second alternative test establishes an irrebuttable presumption if the evidence demonstrates the existence of "complicated" pneumoconiosis by X-ray, biopsy, autopsy or when such diagnosis is established by other acceptable means. Soc.Sec.Regs. §§ 410.418 and 410.458, 20 C.F.R.; 30 U.S.C.A. § 921(c)(3). The third test creates a rebuttable presumption if a miner worked more than 10 years in the mines *and died from a respirable disease*. Soc.Sec.Regs. §§ 410.456, 410.62, 20 C.F.R.; 30 U.S.C.A. § 921 (c)(1) and (2). The final test provides for a rebuttable presumption if the miner worked for a substantial number of years in the mines and "other evidence" demonstrates the existence of a *totally disabling* respiratory or pulmonary impairment. Soc.Sec.Regs. §§ 410.414, 410.426, 410.454, 20 C.F.R.; 30 U.S.C.A. § 921(c) (4). (all emphasis supplied)

In this case, hearings were held before an Administrative Law Judge (ALJ) on January 28, 1972, and September 5, 1973. Plaintiff was not represented by counsel at the hearings but John F. Miller, Esq., has entered an appearance and filed a brief in this Court. The ALJ found that plaintiff was not entitled to benefits and this became the final decision of the Secretary when it was approved by the Appeals Council.

■ The evidence disclosed that on January 9, 1947, decedent was killed by a rock fall while at work in the mines. The death certificate states that the immediate cause of death was "fall of rock in #6 Colliery. Crushed chest and internal injuries." There is no competent evidence of record indicating any other cause of death and plaintiff concedes that decedent was killed in the mines although she contends that he was suffering from pneumoconiosis at the time of death. Consequently, the ALJ's finding that death resulted from an accident is supported by substantial evidence.

1. Section 923(b) of the Act, 30 U.S.C.A., incorporates, inter alia, the "substantial evidence" standard of review contained in § 405 (g) of the Social Security Act, 42 U.S.C.A.

Plaintiff, by brief, argues strenuously that decedent was totally disabled by pneumoconiosis, notwithstanding the fact that he was working at the time of his death. Plaintiff points to evidence of record showing that decedent had worked in the mines more than twenty years, had coughing spells, continuously expectorated black sputum, had difficulty sleeping and walking, sought a transfer to another section where there would be less dust, was advised by his physician to leave mining work, and was forced to continue working in order to support his large family. While conceding that there is no medical evidence to substantiate this contention, plaintiff asserts that the testimony of plaintiff's witnesses is sufficient in itself. This point merits further consideration.

 Under the statute a miner shall be considered totally disabled when pneumoconiosis prevents him from engaging in gainful employment requiring the skills and abilities comparable to those of any employment in a mine or mines in which he previously engaged with some regularity and over a substantial period of time. 30 U.S.C.A. § 902(f). The statute also directs that in determining the validity of claims, all relevant evidence *must be considered* including ". . . any medical history, evidence submitted by the claimant's physician, or his wife's affidavits, and in the case of a deceased miner, other appropriate affidavits of persons with knowledge of the miner's physical condition, and other supportive material." 30 U.S.C.A. § 923(b). (emphasis supplied) The Senate Report dealing with the 1972 amendments, 2 U.S. Code Cong. & Admin.News, pp. 2305, 2312 (1972), points out that the new amendments would allow a widow's claim if she established that her miner husband was totally disabled by pneumoconiosis at the time of his death. This amendment, according to the Senate Report, was intended to correct the then existing law which would deny a widow benefits "(a)lthough her husband clearly had totally disabling pneumoconiosis, and would have been eligible were he alive,

he may have died in a rock fall, an accident, or even a heart attack which may not be established medically to be causally related to pneumoconiosis." Obviously then, the legislation was not intended to deny coverage merely because a miner was killed or died while at work and recognized that a miner, although at work in the mines, could be totally disabled due to pneumoconiosis. Indeed, as was noted in *Dellosa v. Weinberger,* 386 F.Supp. 1122, 1126 (E.D.Pa.1974), the Secretary has recognized that a finding of total disability would not be precluded if the evidence showed "sporadic work, poor performance and marginal earnings." In light of this background, the ALJ's evaluation of the evidence on the question of total disability is interesting:

> "The record is barren of medical evidence regarding the decedent miner's respiratory condition. Testimony and statements of the claimant, Aldo Santi, Louis Marino and James Lafratte, and statements of others in file, indicated that the decedent had breathing difficulties, coughed and expectorated black sputum. However, since there is not a scintilla of medical evidence in file regarding the miner's respiratory condition and the miner was engaged in coal mining employment on the day he died of a fatal accident in the mines, the undersigned cannot be persuaded that the decedent miner was totally disabled by pneumoconiosis or a respirable disease that may be presumed to have been pneumoconiosis."

The ALJ appears to have concluded that the absence of medical evidence and the fact that death occurred while decedent was at work precluded a finding of total disability. But the absence of medical evidence is not fatal to plaintiff's claim. As hereinabove noted, the Statute declares that statements of the widow and others with knowledge of decedent's condition *must be considered* by the Secretary. Also, 30 U.S.C.A. § 921(c)(4) states "other evidence" may demonstrate the existence of a totally disabling res-

986

piratory and pulmonary impairment and "(i)n the case of a *living* miner, a wife's affidavit may not be used *by itself* to establish the presumption." (emphasis supplied) Conversely, where the miner is dead, a wife's affidavit may be used by itself to establish the presumption of pneumoconiosis. The ALJ's pointed reference, viz, ". . . since there is not a scintilla of medical evidence in file regarding the miner's respiratory condition" strongly suggests that the testimony of plaintiff and her witnesses, even if believed, would not support a finding of pneumoconiosis. If this is so, then the ALJ is acting contrary to the law and regulations. In any event, plaintiff's evidence concerning decedent's physical condition is deserving of more careful consideration and, if accepted by the ALJ, would form an adequate foundation to justify a finding of pneumoconiosis.

■ As to the question of total disability, if decedent's work performance was sporadic, marginal or poor, he could still be totally disabled even though he was physically at his place of employment. Inasmuch as the claimant was unrepresented at the hearings, the ALJ should have attempted, in an objective and good faith way, to determine what decedent's work performance actually was. The record contains a large amount of statements from decedent's wife and co-employees concerning this but the ALJ gave brief and unsatisfactory treatment of them. It is true that the ALJ made reference in the Summary of Testimony at the Hearing (not the Evaluation) to claimant's testimony that decedent "took time off infrequently as a result of illness" but he didn't indicate whether he accepted, rejected, or considered it at all in his decision.

Consequently, for the reasons set forth herein, the defense motion for summary judgment will be denied and the case remanded to the Secretary. The Secretary is to decide the case and file the administrative record with this Court within ninety (90) days of this order.