Florence BROOKS

v.

David MATHEWS, Secretary of Health, Education and Welfare.

Civ. A. No. 75-0236-A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Oct. 15, 1975.

W. Hobart Robinson, Abingdon, Va., for plaintiff.

E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for defendant.

## ORDER AND OPINION

TURK, Chief Judge.

Plaintiff is appealing the final decision of the Secretary of Health, Education and Welfare denying her claim for widow's black lung benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* The only issue to be decided in this appeal is whether the Secretary's decision is supported by substantial evidence, in which case, it must be affirmed.

Under the applicable statutory sections, 411–12, 30 U.S.C. §§ 921–22, and regulations, 20 C.F.R. § 410.210, in order for plaintiff to establish her entitlement to benefits, she had to show that she was the unmarried widow of a miner upon whom she was dependent at the time of his death; that she filed a claim for benefits in accordance with the provisions of the Act; and that at the time of her husband's death, he was totally disabled due to pneumoconiosis or that his death was due to pneumoconiosis. The basis for denying plaintiff's claim in this case was the failure to show that her husband's death was due to pneumoconiosis or that he was totally disabled by pneumoconiosis.

Plaintiff's husband did not die from pneumoconiosis. He was killed instantly on September 12, 1945, in a coal mine accident. There still remains, however, the question of whether he was totally disabled due to pneumoconiosis at the time of his death.

In *Dales v. Weinberger,* 390 F.Supp. 593 (W.D.Va., 1974), this Court held that, absent a showing of complicated pneumoconiosis, a miner who was killed in the mines and who had worked regularly until his death, could not prove that he was totally disabled due to pneumoconiosis. As a corollary to *Dales,* however, this Court held that "where a miner missed many days of work because of his breathing problem and where he was given some make-work or supervisory job not comparable to his usual coal mine work, one cannot say that he was 'regularly' employed at the time of his death so as to rebut any presumption of total disability." *Powers v. Weinberger,* 399 F.Supp. 1388 (W.D.Va., 1975). The instant case is analogous to *Powers.*

The evidence shows that the miner missed many days of work in the mines because of his breathing condition, and during the last few years of his life, he missed a great deal of work, sometimes two days a week. The widow testified that her husband was a "worker", and did his job without help, but if he felt that he could not do his job, he just stayed home. The miner was treated often by the company doctor.

The Administrative Law Judge failed to weigh the significance of the miner's sporadic work record, but instead, he concentrated on the fact that the miner was on the job when he was killed. The Court is of the opinion that the Secretary erred in his analysis of this case. The facts surrounding Mr. Brooks' work record and nature of his work should be investigated more thoroughly, and this case is accordingly remanded to the Secretary for further consideration. Upon remand, either side may present additional evidence.