Clyde **SHORTRIDGE**

v.

David **MATHEWS, Secretary of Health, Education and Welfare.**

Civ. A. No. 75–0096.

United States District Court,
W. D. Virginia,
Abingdon Division.

Oct. 24, 1975.

W. Hobart Robinson, Smith, Robinson & Vinyard, Abingdon, Va., for plaintiff.

### MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff brings this action challenging the final decision of the Secretary of Health, Education and Welfare denying her husband's claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction of this court is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The issue to be decided by this court is whether the Secretary's decision that plaintiff's deceased husband was not disabled due to pneumoconiosis, as of June 30, 1973, is supported by "substantial evidence."

Plaintiff's deceased husband, Clyde Shortridge, was born on June 1, 1915. Mr. Shortridge worked over 29 years as a coal miner, primarily as a tipple mechanic. In an application for "black lung" benefits dated October 20, 1970, Mr. Shortridge alleged disability due to pneumoconiosis caused by his many years of exposure to coal dust as a miner. However, in an opinion adopted as the final decision by the Secretary, the Administrative Law Judge denied Mr. Shortridge's entitlement to benefits. Mr. Shortridge died on July 1, 1975, subsequent to the final decision of the Secretary.

The Administrative Law Judge conceded that Mr. Shortridge had demonstrated evidence conclusive of simple pneumoconiosis. (TR 16). However, the Law Judge concluded that Mr. Shortridge continued to work as a coal miner beyond June 30, 1973, the date on which the Department of Health, Education, and Welfare surrendered jurisdiction of "black lung" claims to the Department of Labor. Consequently, the Law Judge reasoned that the deceased could not have been disabled due to pneumoconiosis as of June 30, 1973. The court has concluded that the final decision of the Secretary is not supported by "substantial evidence" of record.

The record developed below establishes that Mr. Shortridge worked for Harman Mining Corporation up until August 16, 1973. However, testimony developed at the time of the oral hearing indicates that Mr. Shortridge's capacity for work had been significantly reduced for several months prior to that time. Mr. Shortridge testified on July 18, 1974 that he had had trouble breathing for a couple of years and that several doctors had advised him to quit work as early as 1972. (TR 37–38). Mr. Shortridge further testified that he missed seven days due to sickness in a thirty two day work period from July 2, 1973 to August 16, 1973. (TR 42 with reference to TR 126). Mr. Shortridge responded to questions concerning the nature of his work

in the last day of his employment as follows:

Q. Well, now, what were your instructions from the foreman when you told him you didn't feel like working?

A. He told me to go out and sit down a while, maybe I'd feel better and I could make it or just . . .

Q. What did he tell you in reference to, you know, helping operate the tipple, I'm talking about supervision?

A. He told me to just hang around and if something broke, see that somebody else could do it, tell them how to fix it. (TR 42–43).

This court has recently ruled that a living miner, with simple pneumoconiosis, who worked in the coal mines in his usual capacity or in comparable employment beyond June 30, 1973, cannot pursue his claim for "black lung" benefits under the jurisdiction of the Department of Health, Education and Welfare. *Collins v. Weinberger*, 401 F.Supp. 377, (W.D.Va., 1975). However, the court specifically noted that " . . . where the miner's health was very poor and the work activity after June 30, 1973, was so sporadic as not to amount to gainful activity or of such a variety as to indicate a 'make shift' job provided by a benevolent mine operator, further inquiry may be necessary." (See footnote 6, *Collins v. Weinberger, supra*). In this case, the court finds convincing and unrebutted evidence establishing that Mr. Shortridge's work after June 30, 1973 was not such as to equate with his regular coal mining job of tipple mechanic.

The evidence establishes that the deceased was disabled for his regular coal mining work prior to the termination of the Secretary's jurisdiction despite continued employment beyond June 30, 1973. Furthermore, the record contains ample evidence supporting the finding of simple pneumoconiosis. The court has found it unnecessary to require the Secretary to consider additional medical evidence developed subsequent to the Secretary's

final decision. Since the deceased had met the requisite burden of proof, the final decision of the Secretary is reversed and the case remanded for the determination of proper benefits and beneficiaries.