**Opal ROWE**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare.**

Civ. A. No. 74–319–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

April 28, 1976.

James R. Moore, Abingdon, Va., for plaintiff.

Paul R. Thomson, Jr., U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff has filed this case challenging the final decision of the Secretary of Health, Education and Welfare denying her claim for widow's benefits under the black lung provisions of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction of this court is based on § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates by reference § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The question before the court is whether the record contains substantial evidence to support the final decision of the Secretary; if so, the court must affirm that decision.

This case has been before the court before. In an opinion and order dated May 27, 1975, this court remanded the case to

the Secretary for additional consideration of certain aspects of this case. The remand was for the purpose of additional inquiry into the nature of the employment of plaintiff's husband, Dexter Rowe, during his last days of mining. See *Rowe v. Weinberger*, 400 F.Supp. 981 (W.D.Va.1975).

To qualify for widow's black lung benefits in this case, plaintiff was required to show that her husband (a) died due to pneumoconiosis, or (b) was totally disabled due to pneumoconiosis at the time of his death. 20 C.F.R. § 410.210. Since the record shows that Mr. Rowe's death was due to a mine accident, death due to pneumoconiosis cannot be established. Moreover, the Administrative Law Judge found that Mr. Rowe was regularly working at the time of his death, thus precluding any finding of total disability due to pneumoconiosis. This latter finding was the basis for the court's remand order, since further investigation was deemed necessary to determine whether Mr. Rowe's last days of work were sporadic or makeshift rather than regular. If a miner does only sporadic or makeshift work, this court has held that such activity may not be "regular" coal mine work such as would preclude a finding of disability. *Collins v. Weinberger*, 401 F.Supp. 377, 381, n. 6 (W.D.Va.1975).

On remand, further evidence was developed concerning Mr. Rowe's employment. Mr. Rowe's earnings record was obtained and included in the evidence. This record shows a consistent pattern of earnings through the month of Mr. Rowe's death in 1970. The earnings record does not indicate irregular or sporadic employment shortly before Mr. Rowe's death. Moreover, a statement from Mr. Rowe's employer, Jewell Ridge Coal Corporation, shows that Mr. Rowe's work attendance from January 8, 1970 through the date of his death (July 17, 1970) was good. No change was made in Mr. Rowe's job assignment; his duties were not made easier, according to the company. Further, the company stated that Mr. Rowe did not sign a waiver of compensation benefits to retain his job. No additional evidence on this issue was submitted by plaintiff.

Based upon this evidence and the evidence before the Administrative Law Judge, the Appeals Council found that Mr. Rowe was not totally disabled due to pneumoconiosis at the time of his death; rather, on the day he died he was doing his regular coal mine work. The Appeals Council further found that plaintiff was not otherwise entitled to widow's black lung benefits.

Upon consideration of the record as a whole, including the supplemental transcript containing the additional evidence concerning Mr. Rowe's final days of employment, it is the court's opinion that there is substantial evidence to support the Secretary's finding that Mr. Rowe was not totally disabled due to pneumoconiosis at the time of his death. Accordingly, final judgment dismissing the complaint is hereby entered on behalf of the Secretary and it is so ORDERED.