Jack D. HANNA, Plaintiff-Appellant,

v.

Joseph CALIFANO, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 76–2141.

United States Court of Appeals, Tenth Circuit.

Argued July 11, 1977.

Decided April 3, 1978.

Rehearing Denied June 30, 1978.

Virginius "Jinks" Dabney, Salt Lake City, Utah, for plaintiff-appellant.

Ramon M. Child, U. S. Atty., and James W. McConkie, Asst. U. S. Atty., Salt Lake City, Utah, for defendant-appellee.

Before LEWIS, HILL and DOYLE, Circuit Judges.

LEWIS, Senior Circuit Judge.

Appellant Hanna appeals from a judgment of the district court for the District of Utah affirming a denial of black lung (pneumoconiosis) benefits. The claim for benefits was filed under pertinent provisions of the Federal Coal Mine Health and Safety Act of 1969 as amended. 30 U.S.C. §§ 901–41. That statute establishes a rather complicated scheme of responsibility for paying benefits to miners "totally disabled" by black lung disease. We need not endeavor to describe that scheme in full detail.[1] It is sufficient for purposes of this opinion to note that miners who filed a claim *and* were totally disabled prior to July 1, 1973, are paid lifetime disability benefits by the federal government through the Department of Health, Education, and Welfare (HEW). *Paluso v. Mathews*, 10 Cir., 573 F.2d 4 (opinion on rehearing, filed Mar. 7, 1978). Miners who filed or were disabled after that date are the primary responsibility of state workmen's compensa-

tion plans or individual coal mine operators.[2] 30 U.S.C. §§ 925, 931, 932(a).

Appellant filed his claim for benefits on June 25, 1973. His claim was denied on October 10, 1973, because he was continuing to work in the mines, a finding deemed inconsistent with a "total disability." 30 U.S.C. § 902(f).[3] Appellant requested and received a hearing before an Administrative Law Judge (ALJ) who arrived at the identical conclusion. The hearing decision was affirmed by the Appeals Council thus making it the final decision of the HEW Secretary. Appellant then filed an action for review in the district court pursuant to 30 U.S.C. § 923(b) and 42 U.S.C. § 405(g). The court affirmed the Secretary's denial of benefits and this appeal resulted.

The sole issue before us on appeal is whether the Secretary's decision is supported by substantial evidence. *See Felthager v. Weinberger*, 10 Cir., 529 F.2d 130, 131; *Trujillo v. Richardson*, 10 Cir., 429 F.2d 1149, 1150. Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842; *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126. After reviewing the entire record we find that the Secretary's decision is supported by substantial evidence and the district court was correct in affirming it.

The evidence in this case shows that appellant was born in 1913, had a ninth grade education, and worked in the mines for about 40 years. For the last 29 years of his working career he was a "unit foreman" whose duties were, in appellant's own words, supervising 15 men, taking gas tests, and checking off safety areas. Appellant

---

1. For a comprehensive explanation of the black lung provisions and their legislative history, see *Talley v. Mathews*, 4 Cir., 550 F.2d 911.

2. There was a six-month transition period between July 1 and December 31, 1973, during which the federal government was still responsible for paying benefits. 30 U.S.C. § 925.

3. "[A] miner shall be considered totally disabled when pneumoconiosis prevents him or her from engaging in gainful employment requiring the skills and abilities comparable to those of any employment in a mine or mines in which he or she previously engaged with some regularity and over a substantial period of time. . . . ."

stopped work in November 1973, some four months after filing the claim for benefits involved here. He testified at the hearing on his claim that he stopped work on orders of the company doctor because "I had dust on my lungs and arthritis in my back . . . ." Appellant was 60 years old when he retired.

There is no serious disagreement among the parties on the regulations governing appellant's claim. Since he filed prior to July 1, 1973 the so-called "interim criteria" apply. 20 C.F.R. § 410.490.[4] It is important to note that this appeal involves only appellant's eligibility for benefits prior to July 1, 1973. Nothing said here applies to any eligibility after that date or any rights which he might have to benefits under Part C of the Coal Mine Health and Safety Act as amended. 30 U.S.C. § 931-34.

The interim criteria promulgated by HEW provide that if a miner submits a chest X-ray indicating the existence of black lung he is entitled to a rebuttable presumption of total disability. 20 C.F.R. § 410.490(b). Appellant submitted such an X-ray and therefore was entitled to the presumption. The interim criteria also provide, however, that the presumption may be rebutted if

(1) There is evidence that the individual is, in fact, doing his usual coal mine work or comparable and gainful work . . .

*Id.* § 410.490(c)(1). It is over the issue of whether the presumption was properly rebutted that the parties disagree.

 Appellant argues correctly that employment in a mine per se does not rebut the presumption of total disability. *Felthager v. Weinberger, supra,* at 133. Continued employment has been deemed not inconsistent with a total disability where the work is characterized by sporadic work, poor performance, or marginal earnings. *Id.; Farmer v. Weinberger,* 6 Cir., 519 F.2d 627, 633. Similarly, where the employment is simply a "make-work" position, a presumption of total disability may not be rebutted. The holdings in the above cases have recently been adopted by Congress in amendments to the Federal Mine Safety and Health Act. H.R.Rep.No. 95–864, 95th Cong. 2d Sess. 2. Appellant argues that the ALJ did not give sufficient consideration to the possibility that, for one or more of the above reasons, appellant's work after July 1, 1973 was not inconsistent with a finding of total disability.[5] We disagree.

On setting out his findings based on the evidence the ALJ wrote the following:

3. That the claimant fails to meet the interim criteria established for miners filing before July 1, 1973 . . . because he was not disabled before that date.

4. That the evidence fails to establish that the claimant's disability is of sufficient severity, because of pneumoconiosis to have precluded him from doing his previous coal mine work . . . prior to July 1, 1973.

The ALJ concluded that appellant was "in fact engaged in gainful and comparable work as late as November 1973 . . . ." We believe the evidence supports these findings.

Although appellant testified at his hearing that he was having some difficulty performing his job and that he needed to rest more often, there was no evidence that his performance had suffered substantially or that he was doing merely make-work tasks. He testified that although he had been relieved of a collateral duty (fire patrol) by

---

4. These interim criteria were promulgated by HEW in response to congressional concern over the backlog of black lung claims under the original 1969 statute. *See* S.Rep.No. 92-743, 92d Cong., 2d Sess., 1972 U.S.Code Cong. & Admin.News, p. 2322; 20 C.F.R. § 410.490(a).

5. Appellant cites a number of district court cases which remanded claims to the ALJ because insufficient consideration was given to whether the work done by the miner was his usual or comparable work. *E. g., Shortridge v. Mathews,* W.D.Va., 402 F.Supp. 1251; *Corridoni v. Weinberger,* M.D.Pa., 402 F.Supp. 983; *Rowe v. Weinberger,* W.D.Va., 400 F.Supp. 981; *Dellosa v. Weinberger,* E.D.Pa., 386 F.Supp. 1122. We believe each of these cases presented considerably more evidence of impaired work performance than the instant case and are distinguishable on that basis.

his supervisor his regular duties were not lightened significantly. In response to questions on the various worksheets submitted in support of his claim appellant indicated that he was "not prevented" from doing his normal work and that he expected to earn his normal salary at least until the end of 1973. We have previously considered whether a mine foreman was performing his usual work so as to rebut the presumption of total disability. *Felthager v. Weinberger, supra.* We pointed out in *Felthager* that disability is a subjective and individual condition. The fact that appellant could not do hard physical labor is of no relevance when his usual work is supervisory. We agree with the district court that the Secretary's decision was supported by substantial evidence.

Affirmed.