**Elizabeth RAPIER, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

**No. 85–6115.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 25, 1986.

Decided Dec. 30, 1986.

Louis DeFalaise, Lexington, Ky., John S. Osborn, Asst. U.S. Atty. (argued), for defendant-appellee.

Sandra L. Mayes (argued), Appalachian Research and Defense Fund of Kentucky, Barbourville, Ky., for plaintiff-appellant.

Before KEITH and KENNEDY, Circuit Judges, and CONTIE, Senior Circuit Judge.

PER CURIAM.

On February 16, 1971, appellant filed an application for survivor's black lung benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969 as amended by the Black Lung Benefits Act of 1972, 30 U.S.C. § 901 (1982). The Social Security Administration denied the application. An Administrative Law Judge ("ALJ") next considered the case *de novo* and on May 24, 1974, found appellant not to be entitled to benefits. The Appeals Council approved the decision of the ALJ on January 16, 1975. The case was remanded to the Secretary of Health and Human Services for further administrative proceedings by order of the Magistrate's Report and Recommendation dated July 22, 1980. In a Recommended Decision dated March 20, 1984, the ALJ adopted a previous Recommended Decision dated July 21, 1982, and determined that appellant was not entitled to black lung benefits. The Appeals Council adopted the ALJ's Recommended Decision on October 13, 1984. On October 7, 1985, the district court affirmed the denial of benefits. For the reasons set forth below, we vacate the judgment of the district court and remand the case to the district court with instructions to remand to the Secretary to make a determination consistent with this Court's holding.

Appellant is the widow of the deceased miner William C. Rapier, who died August 28, 1951, at the age of 35 due to a head injury caused by a falling rock in a mine shaft. The evidence in the record established that appellant's deceased spouse was an underground coal miner for a period in excess of 10 years, and that he had no other employment during his lifetime.

Testimony by appellant at trial described the miner's condition during approximately the three years prior to his death. Appellant stated that her husband had chest pains and developed a cough that produced black, bloody phlegm. He had difficulty breathing and had frequent smothering spells which would allow him only a few hours sleep per night. During the last year of his life, he lost 50 pounds and was a sickly looking man. Appellant also testified that during this time, he only made it to work when he was able, and would often miss at least two days of work per week.

Testimony by co-workers and acquaintances described the miner as a sickly looking man who coughed frequently and complained of pain in his chest and lungs. With the exception of the testimony of Ray Walters, the statements of the acquaintances corroborated those advanced by appellant.

No medical evidence was available at trial to establish that the miner had a severe lung disease. No x-rays were ever taken and no autopsy was performed at death. Thus, the only evidence available as to the miner's respiratory ailments was provided through the testimony of appellant, co-workers and friends.

The Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 901 (1982), provides benefits to coal miners who are totally disabled due to pneumoconiosis and their surviving dependents. The term "pneumoconiosis" means a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment. 30 U.S.C. § 902(b) (1982).

In the present case, appellant would be entitled to widow's benefits if she establishes that she (1) is the widow of a miner; (2) is not married, or for the months prior to May 1972, had not remarried since the miner's death; (3) had filed a claim for benefits in accordance with the provisions of the Act; (4) was dependent on the miner at the time of his death; and either (5) that the miner was entitled to benefits at the time of his death; or (6) that the miner died before January 1, 1974, and was totally disabled due to pneumoconiosis. 30 U.S.C. §§ 902(e), 921(a) and 922(a)(2) (1982); 20 C.F.R. § 410.210 (1986). The only factor at issue here is (6) and, in that regard, the Secretary concluded that appellant did not

show that the deceased miner was totally disabled due to pneumoconiosis at the time of his death, or that his death was due to pneumoconiosis. The district court held that the findings of the Secretary were supported by substantial evidence.

The Secretary's recommended decision noted that the lay testimony was supportive of the fact that the miner did have a lung problem which was symptomatic. However, the Secretary held that without any medical documentation of the miner's physical condition, the lay testimony alone could not support the burden of proof to establish eligibility. The district court held that the Secretary's conclusion that lay evidence alone was insufficient in and of itself to establish the existence of pneumoconiosis for the Section 410.414(b) presumptions to apply was correct. We disagree.

Pursuant to 30 U.S.C. § 921(b) and (c) (1982), the Secretary has prescribed standards for determining a miner's death or total disability due to pneumoconiosis. *See also* 20 C.F.R. § 420.401 (1986). Because the plaintiff's husband died before January 1, 1974, she is entitled to the benefit of the interim adjudicatory rules. 20 C.F.R. § 410.490 (1986). Four alternative tests have been developed. Under the first test, a rebuttable presumption of death or total disability arises where (a) an x-ray, biopsy or autopsy confirms the existence of pneumoconiosis, or (b) the miner worked at least ten years in the mines and ventilatory function studies show the presence of a chronic respiratory or pulmonary disease. 20 C.F.R. § 410.490 (1986). The second test establishes an irrebutable presumption if the evidence demonstrates the existence of "complicated" pneumoconiosis by x-ray, biopsy, autopsy or when such diagnosis is established by other acceptable means. 20 C.F.R. §§ 410.418 and 410.458 (1986); 30 U.S.C. § 921(c)(3) (1982). The third test creates a rebuttable presumption if the miner worked more than ten years in the mines and death is medically ascribed to a respiratory disease. 20 C.F.R. §§ 410.456

and 410.462 (1986); 30 U.S.C. § 921(c)(1) and (2) (1982). The final test provides for a rebuttable presumption if the miner worked for a substantial number of years in the mines but less than 15 if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment. 20 C.F.R. §§ 410.414, 410.426 and 420.454 (1986).

In the present case, appellant attempted to establish an entitlement to benefits pursuant to 20 C.F.R. § 410.414 (1986). Appellant argues that the lower court erred in finding that substantial evidence existed to affirm the Secretary's denial of black lung benefits. More specifically, appellant argues that the ALJ committed an error of law when she held that lay evidence was insufficient standing alone to invoke the presumption under § 410.414(b) that a miner was totally disabled due to pneumoconiosis at the time of his death if other evidence [1] demonstrates the existence of a totally disabling chronic respiratory or pulmonary impairment.

Appellee argues that a finding of total disability cannot be made solely by the use of lay evidence. We disagree and hold that lay evidence alone may be sufficient to support a finding of total disability due to pneumoconiosis. Thus, the ALJ should determine whether the lay evidence here in fact establishes total disability pursuant to § 410.414.

In *Dobbins v. Schweiker*, 641 F.2d 1354 (9th Cir.1981), the court held that where no conflicting evidence exists, lay evidence can be used to indicate the existence of a severe lung impairment pursuant to 20 C.F.R. § 410.414. In reaching this conclusion, the court noted that Congress expressed a firm intent that "... [i]n the absence of definitive medical conclusions there is a clear need to resolve doubts in favor of the disabled miner or his survivors". *Id.* at 1357 (quoting S.Rep. No. 743, 92nd Cong. 2nd Sess., *reprinted in* 1972 U.S.Code Cong. & Admin.News, 2305, 2315).

---

**1.** Section 410.414 defines "other evidence" as that evidence other than an x-ray, biopsy or autopsy.

In accord with *Dobbins* is *Corridoni v. Weinberger*, 402 F.Supp. 983 (M.D.Pa. 1975). In *Corridoni* the court held that 20 C.F.R. § 410.414 authorizes a finding of total disability predicated upon lay evidence where there exists no corroborating medical evidence. In *Corridoni*, the miner had died in 1947 in a rock fall in a mine. The death certificate listed the cause of death as a crushed chest due to a rock fall. No autopsy was performed, and there was no medical evidence of a respiratory condition. The miner had worked more than twenty years in the mines. His widow testified as to the severe respiratory condition he had at the time of his death. *Corridini*, 402 F.Supp. at 984 and 985. Other than the number of years worked, the facts in *Corridoni* are indistinguishable from the present case.

As in *Corridoni*, the Secretary in the present case held that the absence of medical evidence precluded a finding of a totally disabling respiratory impairment. However, in *Corridoni*, the court remanded the case to the Secretary for consideration of the lay evidence and noted the following:

> ... But the absence of medical evidence is not fatal to plaintiff's claim. As hereinabove noted, the Statute declares that statements of the widow and others with knowledge of decedent's condition *must be considered* by the Secretary. Also, 30 U.S.C.A. § 921(c)(4) states "other evidence" may demonstrate the existence of a totally disabling respiratory and pulmonary impairment and "(i)n the case of a *living* miner, a wife's affidavit may not be used *by itself* to establish the presumption." (emphasis supplied) Conversely, where the miner is dead, a wife's affidavit may be used by itself to establish the presumption of pneumoconiosis.

*Corridoni*, 402 F.Supp. at 985–986.

In the present case, the Secretary noted that without medical documentation, the testimony of the witnesses and the widow could not support the burden of proof to establish eligibility. The district court concluded that the Secretary's position was supported by substantial evidence by not-ing that the lay evidence was considered and was insufficient to establish the existence of pneumoconiosis. This finding is contrary to the law and the facts of the case. The Secretary noted that the testimony was supportive of the fact that a symptomatic lung problem existed. Despite this conclusion, the Secretary held that the lack of medical documentation precluded a finding in favor of eligibility. Thus, the Secretary did *not* determine whether the lay evidence standing alone could establish a finding of a totally disabling respiratory or pulmonary impairment.

We hold that appellant's lay evidence concerning decedent's physical condition is deserving of careful consideration and if accepted by the Secretary, could justify a finding of a totally disabling respiratory impairment.

Accordingly, for the reasons set forth herein, we vacate the judgment of the district court and remand the case to the district court with instructions to remand to the Secretary to make a determination consistent with this Court's holding.