869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Molly HOWARD, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-3328.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Molly Howard appeals the Director's denial of black lung widow's benefits. Because we find the Director's decision was supported by substantial evidence, we affirm.
 
 
 2
 Petitioner is the surviving spouse of Girdley Howard ("the miner"). The miner worked in coal mining between 1927 and 1944. The Administrative Law Judge (ALJ) found that "it is reasonable to conclude that he worked at least 10 years in qualifying coal mine employment." The ALJ failed to make a finding as to the exact length of the miner's employment, but he concluded that it amounted to less than the 15 years required to invoke the presumptions at 20 C.F.R. Secs. 410.414(b) and 440.454(b)(1).[1] The medical evidence adduced at trial was scant. None of the six medical reports in the record discuss the miner's pulmonary condition. Petitioner submitted one X-ray, taken on July 11, 1961, which revealed "only minimal prominence of the bronchovascular markings." The only other relevant medical evidence relates to the miner's illness and death in 1972. In January 1972, he entered the hospital complaining of severe chest pain of three to four months duration. The diagnosis was anaplastic bronchogenic carcinoma. The miner died in April 1972 of carcinoma of the lung.
 
 
 3
 Petitioner also offered lay evidence concerning her husband's health. She testified that he smoked "hardly a pack a day" from 1942 until 1971. She reported that he had difficulty breathing and would often cough-up "dark stuff." However, she testified that he did not have problems doing "heavy work." Petitioner produced six affidavits stating that the affiants had observed the miner's shortness of breath and difficulties with "smothering." The ALJ credited only two of the affidavits, because the other four did not disclose the affiant's relationship with the miner.
 
 
 4
 The ALJ denied petitioner's claim for benefits. On appeal, petitioner argues: (1) that the ALJ erred in concluding that the lay evidence was insufficient to trigger the presumption that the miner suffered from a totally disabling respiratory ailment; (2) that the ALJ erred in finding that the miner's lung cancer did not constitute a chronic lung disease; and (3) that the ALJ improperly failed to consider her claim under the "interim presumption" pursuant to 20 C.F.R. Sec. 727.203(a)(5).
 
 The Lay Evidence
 
 5
 Petitioner points out that "lay evidence alone may be sufficient to support a finding of total disability due to pneumoconiosis" under 20 C.F.R. Sec. 410.414(b). Rapier v. Secretary, 808 F.2d 456, 458 (6th Cir.1986). But Rapier requires the ALJ only to consider the lay evidence, not to unquestioningly accept it. It is the province of the ALJ to determine the weight and credibility of this evidence. The ALJ concluded that petitioner did not demonstrate that the miner suffered from a totally disabling respiratory illness, and this finding is supported by substantial evidence. While petitioner testified that her husband suffered from breathing problems, she also stated that he was still able to perform heavy work. The six affidavits discussing the miners respiratory condition were virtual carbon copies, and only two of the affiants disclosed the foundation for their opinions about the miner's health. Moreover, the symptoms described in the affidavits do not appear to constitute a total disability.
 
 Chronic Lung Disease
 
 6
 If the deceased worked in coal mining for ten or more years and died due to a chronic lung disease, it will be presumed that his death was caused by pneumoconiosis--even if the claimant cannot establish the existence of pneumoconiosis under section 410.454(a). 20 C.F.R. Sec. 410.462. Petitioner argues that she is entitled to benefits under this section, since her husband suffered from lung cancer and worked in coal mining over ten years. The Director responds that the miner's lung cancer constituted an acute illness, not a qualifying "chronic disease of the lung."
 
 
 7
 Under section 410.462, "the burden is on claimant in each case to establish the chronic nature of the miner's lung cancer before the presumption is invoked." Tackett v. Benefits Review Board, 806 F.2d 640, 641 (6th Cir.1986). The ALJ found that petitioner did not carry this burden. This finding is supported by substantial evidence. The miner's medical records are silent as to whether his illness was chronic or acute. The history of his illness, however, supports the ALJ's finding that his cancer was acute. The miner's lung cancer was diagnosed only shortly before his death, and he reported the onset of severe lung pain only three to four months earlier.
 
 The Interim Presumption
 
 8
 The "interim presumption" at 20 C.F.R. Sec. 727.203(a)(5) provides that a miner with ten years of coal mine employment will be presumed totally disabled due to pneumoconiosis if "where no medical evidence is available, the affidavit of the survivor of such miner or other persons with knowledge of the miner's physical condition, demonstrates the presence of a totally disabling respiratory or pulmonary impairment." The Director concedes that the ALJ erred in refusing to consider the petitioner's claim under this section. However, the Director argues, this error was harmless because the ALJ had already made a finding that petitioner's lay evidence failed to prove that the miner was totally disabled by his respiratory condition. We agree. The factual findings made by the ALJ in rejecting petitioner's claims under sections 410.414(c) and 410.454(c) would have required him to reject a claim under section 727.203(a)(5) as well, because under all three of these sections the petitioner must demonstrate the existence of a totally disabling respiratory or pulmonary illness. The ALJ found that the petitioner failed to make this showing, and, as discussed above, this finding was supported by substantial evidence.
 
 
 9
 The petition for review is denied and the order of the Benefits Review Board is affirmed.
 
 
 
 [1]
 Petitioner now challenges this finding, but we conclude that she has waived this issue by failing to raise it before the Benefits Review Board. See Hix v. Director, OWCP, 824 F.2d 526, 527 (6th Cir.1987)