989 F.2d 498
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carmel AKERS, Petitioner,
v.
CORBIN COAL COMPANY; Kentucky Coal Producers; Director,
Office of Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 92-3960.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1993.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Carmel Akers, through counsel, petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Moreover, the parties have waived oral argument.
 
 
 3
 Akers filed an application for benefits on June 10, 1988. The claim was denied by the Department of Labor on three occasions, and eventually, the claimant requested a formal hearing before an Administrative Law Judge (ALJ). The ALJ thereafter issued a decision and order denying benefits, on April 23, 1990.
 
 
 4
 The ALJ determined that, applying Part 718 of the regulations, Akers had failed to establish that he suffered from pneumoconiosis or that he was totally disabled due to that disease. Thus, the ALJ determined that Akers was not entitled to benefits under the Act. On appeal to the BRB, the Board determined that the ALJ's finding, that Akers had failed to establish total disability pursuant to 20 C.F.R. § 718.204(c), was supported by substantial evidence. Thus, the Board affirmed the ALJ's order denying benefits. The Board noted that, because total disability was a requisite element of entitlement, it was unnecessary to address the claimant's arguments regarding the ALJ's findings pursuant to 20 C.F.R. § 718.202(a)(1) and (a)(4), which sections set forth the standards to determine whether a miner suffers from pneumoconiosis. On appeal, Akers argues that the BRB erred in denying the claim for benefits, when the record allegedly shows that the petitioner suffered from pneumoconiosis "and/or a disabling respiratory or pulmonary disease arising out of his coal mining employment producing total disability within the meaning of the act."
 
 
 5
 Upon review, this court concludes that the BRB's order should be affirmed. This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 6
 Because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under this part, Akers must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 7
 A thorough review of the entire record reveals that the ALJ accurately and sufficiently summarized all relevant medical evidence submitted by the parties. The ALJ considered all evidence that the statute mandates to be considered, and his factual findings are supported by substantial evidence. Engle v. Director, OWCP, 792 F.2d 63, 64 (6th Cir.1986). It was within the ALJ's discretion to assign greater probative weight to the most recent x-ray readings and to those readings by B-Readers and board-certified radiologists. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 146-49 (1987); Ferda, 879 F.2d at 205; Back v. Director, OWCP, 796 F.2d 169, 172 (6th Cir.1986); Orange v. Island Creek Coal Co., 786 F.2d 724, 726 (6th Cir.1986). Given the weight of the x-ray evidence, the ALJ properly found pneumoconiosis had not been established pursuant to § 718.202(a)(1). Likewise, the ALJ's finding that total disability was not established is supported by substantial evidence, specifically the physicians' opinions, pulmonary function studies and blood gas studies of record. See 20 C.F.R. §§ 718.204(c)(1), 718.204(c)(2), and 718.204(c)(4).
 
 
 8
 Contrary to Aker's argument on appeal, when medical evidence exists regarding the issue of a miner's pulmonary condition, a finding of pneumoconiosis or total disability cannot be made solely by reliance on a miner's own statements and lay evidence. Coleman v. Director, OWCP, 829 F.2d 3, 4-5 (6th Cir.1987) (per curiam). This court has considered lay evidence, alone, only when no other medical evidence is available. Rapier v. Secretary of Health and Human Servs., 808 F.2d 456, 458 (6th Cir.1986) (per curiam). Thus, the miner's statements that he worked for thirty years in the coal mining industry and has a disabling shortness of breath, forcing him to give up his coal mine employment, does not establish that he is entitled to benefits, when viewed together with the medical evidence of record. Because the ALJ considered each medical report of record and all medical evidence which may have supported a finding of pneumoconiosis or disability, and because the ALJ provided his rationale for discrediting certain reports and assigning greater probative weight to others, this court may not reverse the ALJ's determination, even if this court may have viewed such evidence differently should the court have been given the opportunity to do so. Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989).
 
 
 9
 Accordingly, the petition for review is hereby denied, and the BRB's decision affirming the ALJ's denial of benefits is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.