861 F.2d 1512
 Lillie B. McCLENDON (Widow of T.J. McClendon), Respondent,
v.
DRUMMOND COAL COMPANY, Petitioner,
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party-in-Interest.
 No. 88-7265
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 20, 1988.
 
 Maynard, Cooper, Frierson & Gale, PC, Laura A. Woodruff, H. Thomas Wells, Birmingham, Ala., for respondent.
 Rodger Pitcairn, U.S. Dept. of Labor, Sylvia Kaser, Washington, D.C., Patricia Guthrie Fraley, Cooper, Mitch, Crawford, Kuykendall & Whatley, Birmingham, Ala., Benefits Review Bd., Washington, D.C., for petitioner.
 Before TJOFLAT, VANCE and ANDERSON, Circuit Judges.
 On Petition for Review of an Order of the Department of
 Labor Benefits Review Board
 PER CURIAM:
 
 
 1
 Drummond Coal Company appeals the Benefits Review Board's determination that Lillie B. McClendon is entitled to benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. Secs. 901-945. We affirm.
 
 
 2
 T.J. McClendon, respondent's deceased husband, worked for Drummond Coal for seventeen years. He spent seven of those years working in underground mines, and the remainder working above ground. After experiencing two to three years of respiratory difficulty, Mr. McClendon died on November 15, 1980. His death certificate listed the cause of death as "probable myocardial infarction." The autopsy physician reported findings of anthracosis, fibrosis, central lobular emphysema, and moderate hypertrophy of the pulmonary arteries.
 
 
 3
 Mrs. McClendon filed a claim with the Department of Labor seeking black lung benefits on December 18, 1980. Her claim was awarded on June 26, 1981. Upon Drummond's appeal of the award, an Administrative Law Judge conducted a hearing on July 24, 1985, and found that Mrs. McClendon was entitled to benefits. Drummond appealed to the Board, which affirmed the decision of the ALJ on March 6, 1986. Drummond now appeals the Board's decision to this court.
 
 
 4
 Our review of the Board's determination is limited to the question of whether it erred in upholding the ALJ's decision. The Board is required to uphold the ALJ's decision if it is supported by substantial evidence and is in accordance with the law. See 33 U.S.C. Sec. 921(b)(3); Stomps v. Director, Office of Workers' Comp. Programs, U.S. Dep't of Labor, 816 F.2d 1533, 1534 (11th Cir.1987).
 
 
 5
 Drummond first challenges the ALJ's finding that McClendon had pneumoconiosis. The Act defines pneumoconiosis as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." 30 U.S.C. Sec. 902(b). The Code of Federal Regulations provides further elaboration of the Act's definition of pneumoconiosis:
 
 
 6
 [The Act's definition of pneumoconiosis] includes, but is not limited to, coal workers' pneumoconiosis, anthracosilicosis, anthracosis, anthrosilicosis, massive pulmonary fibrosis, progressive massive fibrosis, silicosis or silicotuberculosis, arising out of coal mine employment.
 
 
 7
 20 C.F.R. Sec. 718.201. The ALJ's determination was based in part on McClendon's autopsy report which indicated findings of nodules of anthracosis and fibrosis. These findings clearly constitute substantial evidence and are alone sufficient to support the ALJ's decision.
 
 
 8
 The ALJ also relied on the opinion of McClendon's treating physician that McClendon's respiratory problems were caused in part by pneumoconiosis. Under the Act, the ALJ may determine the existence of pneumoconiosis by relying on the finding of a physician, who in exercising sound medical judgment, makes the finding based on "objective medical evidence such as blood-gas studies, electrocardiograms, pulmonary function studies, physical performance tests, physical examination, and medical and work histories" that the miner suffered from pneumoconiosis. 20 C.F.R. Sec. 718.202(a)(4). Dr. Brasfield, McClendon's physician, relied on qualifying blood-gas studies in concluding that McClendon had black lung. The ALJ was entitled to accord greater significance to Dr. Brasfield's opinion, as the miner's examining physician, than to that of Dr. Hamilton, who only reviewed McClendon's records after his death. "An unequivocal diagnosis by an examining physician familiar with the claimant's medical history is entitled to great weight." Hamrick v. Schweiker, 679 F.2d 1078, 1082 (4th Cir.1982). See also Smith v. Office of Workers' Comp. Programs, U.S. Dep't of Labor, 843 F.2d 1053, 1057 (7th Cir.1988); Caraway v. Califano, 623 F.2d 7, 11 (6th Cir.1980).
 
 
 9
 Drummond next contends that the ALJ erred in finding that McClendon's death was due to pneumoconiosis within the meaning of 20 C.F.R. section 718.303. That section entitles a claimant to a rebuttable presumption that the miner's death was due to pneumoconiosis when he was employed in the mines for ten or more years and died of a respirable disease. Sec. 718.303(a). The section further provides that
 
 
 10
 [u]nder this presumption, death shall be due to a respirable disease in any case in which the evidence establishes that death was due to multiple causes, including a respirable disease, and it is not medically feasible to distinguish which disease caused death or the extent to which the respirable disease contributed to the cause of death.
 
 
 11
 20 C.F.R. Sec. 718.303(a)(1).
 
 
 12
 Drummond argues that the cause of death indicated on the death certificate is sufficiently unambiguous and that therefore the ALJ's invocation of the presumption was erroneous. This assertion ignores the autopsy findings as well as the fact that McClendon had been treated for respiratory problems for several months before his death. We therefore find that the presumption was properly invoked, and that the cause of death recorded on the death certificate is insufficient to rebut the presumption. See Smith, 843 F.2d at 1057 n. 8 ("The fact that the term 'pneumoconiosis' is not mentioned in the death certificate is ... of little import. A death certificate records only information about the immediate cause of death.").
 
 
 13
 Drummond's final contention is that McClendon's alleged pneumoconiosis was unrelated to his coal mine employment. The Act, however, provides for a rebuttable presumption that the miner's pneumoconiosis arose from such employment if he worked for ten or more years in the coal mines. 20 C.F.R. Sec. 718.203(b). Because McClendon worked for seventeen years in the mines, the ALJ did not err in invoking this presumption.
 
 
 14
 The only evidence Drummond offered to rebut the presumption was Dr. Hamilton's opinion that McClendon's respiratory condition was not the result of exposure to coal dust, but rather was due to his history of cigarette smoking. The regulations state clearly that the claimant only need demonstrate that the miner's condition arose "at least in part" from coal mine employment. 20 C.F.R. Sec. 718.203(a). Both Dr. Brasfield's report and the autopsy results establish a relationship between McClendon's condition and his employment in the mines. His history of tobacco use does not affect this relationship. See Stomps, 816 F.2d at 1536-37.
 
 
 15
 We have reviewed the record and conclude that Mrs. McClendon has offered sufficient evidence to demonstrate that her husband suffered from pneumoconiosis as a result of his coal mine employment. The ALJ's determination is therefore supported by substantial evidence, and accordingly we affirm the Board's decision upholding his decision.
 
 
 16
 AFFIRMED.