873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John WALTON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-1307.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 8, 1989.
Decided: April 4, 1989.
 
 Ronald William Kasserman (Seibert, Kasserman, Farnsworth, Gillenwater, Glauser & Richardson, on brief), for petitioner.
 Richard Zorn, U.S. Department of Labor, Office of the Solicitor (George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor for Black Lung Benefits; Michael J. Denney, Counsel for Appellate Litigation, on brief), for respondent.
 Before JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this case we must determine if plaintiff John Walton is totally disabled within the meaning of the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq., as a result of pneumoconiosis. The administrative law judge found plaintiff was not totally disabled. We affirm.
 
 I.
 
 2
 Plaintiff John Walton is 69 years old and has one dependent, his wife, Mary Jane Walton. He was employed as an underground coal miner for 11 1/4 years, ending in June 1959, as a result of which he has simple pneumoconiosis. His last job was as a truck driver for the West Virginia Department of Highways from which he retired in 1981.
 
 
 3
 Plaintiff filed a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq., on November 10, 1982. The Department of Labor denied his claim on three separate occasions, most recently on September 27, 1983. On December 17, 1985, pursuant to plaintiff's request, a hearing was held before an administrative law judge who issued a decision and order denying benefits on June 24, 1986. In making this finding, the ALJ considered all of the medical evidence and gave the greatest weight to Dr. Begley's opinion of "no evidence of pulmonary impairment" because his was "the only finding[ ] consistent with or supported by the results of objective testing, ..." In a decision issued May 31, 1988, the Benefits Review Board affirmed. Specifically, the Board noted that it is within the ALJ's discretion to determine the credibility of a medical opinion and that in reaching a decision, the ALJ could properly assign different weight to the conflicting testimony of physicians. Plaintiff appeals.
 
 II.
 
 4
 Because Walton filed his claim on November 10, 1982, the regulations set forth at 20 C.F.R. Secs. 718 et seq., govern. 20 C.F.R. Sec. 718.2. Under Part 718, to receive black lung disability benefits, a miner must prove that he has pneumoconiosis, that he contracted it through his coal mine employment, and that he is totally disabled due to the disease. 20 C.F.R. Secs. 718.201-.204; Director, OWCP, U.S. Dept. of Labor v. Mangifest, 826 F.2d 1318, 1320 (3rd Cir.1987); Strike v. Director, OWCP, U.S. Dept. of Labor, 817 F.2d 395, 399 (7th Cir.1987). The Director of the Office of Workers' Compensation Programs conceded that plaintiff is afflicted with simple pneumoconiosis arising out of his coal mine employment. Thus, the sole issue is whether the plaintiff is totally disabled due to pneumoconiosis pursuant to the criteria set out in 20 C.F.R. Sec. 718.204.
 
 
 5
 A miner is totally disabled if he is incapable of performing his usual coal mine work and if he cannot engage in gainful employment in the immediate area of his residence requiring skills comparable to those he used in his mine employment. 20 C.F.R. Sec. 718.204. See also id. at Sec. 718.304. Subsection 718.204(c) establishes threshold total disability standards for pulmonary function test results, arterial blood gas test results, and other medical findings. Subsection 718.204(c)(4) also permits a finding of total disability if:
 
 
 6
 a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in [his usual mine work and other similar gainful employment in the immediate area].
 
 
 7
 Walton contends the ALJ erred in not finding he is totally disabled because he has met the 20 C.F.R. Sec. 718.204(c)(4) criteria. Specifically, he argues that the ALJ erred in not accepting Dr. Del Vecchio's and Dr. Hofreuter's opinions, both of which indicated he could not continue his usual occupation. He also alleges that the ALJ "disregarded" or "inadvertently" overlooked the results of the objective studies upon which the physicians based their diagnoses. Walton contends the results of the objective studies reported by Dr. Del Vecchio are not normal and the test results obtained by Dr. Begley, on whose opinion the ALJ relies, are inconsistent with his opinion of no pulmonary impairment.
 
 
 8
 We disagree. An ALJ must evaluate the credibility of the medical evidence and determine the weight to be accorded that evidence. Zbosnik v. Badger Coal Company, 759 F.2d 1187, 1190 (4th Cir.1985); Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985). He need not accept a physician's conclusion or any part of the medical evidence but can instead consider the evidentiary basis upon which the physician rests his conclusion, Fields v. Island Creek Coal Co., 10 Black Lung Rep. (MB) 1-19, 1-21 (Ben.Rev.Bd.1987), and draw his own reasonable inferences. "[T]he mere fact that an opinion is asserted to be based upon medical studies cannot by itself establish as a matter of law that it is documented and reasoned." Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983) (addressing similar provision 20 C.F.R. Sec. 727.203(a)(4)). Rather, the factfinder must "examine the validity of the reasoning of medical opinion in light of the studies conducted and the objective indications upon which the medical opinion or conclusion is based." Id.; Dempsey v. Director, OWCP, U.S. Dept. of Labor, 811 F.2d 1154, 1162-63 (7th Cir.1987).
 
 
 9
 This circuit has made clear that an ALJ's factual findings must be upheld if they are supported by substantial evidence because the ALJ is "in a better position to assess the weight and sufficiency of the evidence than ... this court." Zbosnik, 759 F.2d at 1190. See also Wilson v. Benefits Review Bd., 748 F.2d 198, 200 (4th Cir.1984).
 
 
 10
 Here, whereas Dr. Del Vecchio found Walton unable "to carry on in the coal mine adequately" and Dr. Hofreuter found him to be limited in his ability to perform his usual occupation, Dr. Begley determined there was "no evidence of pulmonary impairment." Accordingly, the ALJ examined the validity of each medical opinion in light of an objective study of the record. In so doing, he determined that Dr. Begley's diagnosis was the more creditable.
 
 
 11
 Although some test results in each test were below normal, substantial evidence in the record supports this conclusion. The results of each pulmonary function study and arterial blood gas test were non-qualifying pursuant to the standards in Appendices B and C of Part 718. In Dr. Begley's test the pulmonary function study produced non-qualifying values and was based on only fair cooperation from the plaintiff. Moreover, the results of the pulmonary function study relied upon by Drs. Del Vecchio and Hofreuter produced an FEV1 value that approximated the predicted norm and a non-qualifying MVV value. In addition, the results of the ventilatory study, upon which Dr. Begley based his diagnosis, were normal.
 
 
 12
 While the opinion of the plaintiff's own treating physician, Dr. Hofreuter, is entitled to great weight, Hamrick v. Schweiker, 679 F.2d 1078, 1082 (4th Cir.1982), it does not overcome the shortcomings of his report. Dr. Hofreuter merely diagnosed a limited ability on plaintiff's part to perform his usual coal mine employment, not that plaintiff's pneumoconiosis prevented him from performing his usual coal mine employment. Moreover, the ALJ discredited Dr. Hofreuter's report because the results of the objective studies did not support his diagnosis. Finally, although Walton testified that he retired because he could no longer do his job, his testimony is not by itself sufficient to establish he is totally disabled. 20 C.F.R. Sec. 718.204(d)(2).
 
 
 13
 The judgment of the Benefits Review Board is
 
 
 14
 AFFIRMED.