Ronald L. HURLEY, Plaintiff,

v.

Michael H. HOLLAND,
et al., Defendants.

Civil Action No. 2:95–1032.

United States District Court,
S.D. West Virginia,
Charleston Division.

June 20, 1996.

Mary Jane Pickens, Shari L. Collias and Susan Cannon–Ryan Caldwell, Cannon–Ryan & Riffee, Charleston, WV, Glenda S. Finch, Assoc. General Counsel, and Cheryl A. Sellers, UMWA Health & Retirement Funds, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the parties' cross motions for summary judgment. After careful consideration of the parties' submissions and the record, the Court **GRANTS** Defendants' (the Trustees') motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

### I. DISCUSSION

#### A. Factual and Procedural Development:

Plaintiff Ronald L. Hurley is a fifty-one-year-old former miner employed intermittently in the coal industry from 1970 to 1991. In a hearing conducted January 10, 1991 Hurley presented evidence of his total disability, due to certain medical conditions and prior injuries, to a Social Security Administration ("SSA") Administrative Law Judge ("ALJ"). On April 24, 1991, based on the evidence presented on January 10, the ALJ found Hurley totally disabled and awarded him SSDI benefits. The ALJ set an August 17, 1988 onset date for the disability and found Hurley's disability arose from "arteriosclerotic heart disease with angina pectoris, status post coronary angioplasty of the left anterior descending artery, hypertension, chronic low back pain, situational anxiety and depression, and borderline intellectual functioning[.]" Defs.' mot. for summ. jgt., ex. A at 262 (hereinafter "Ex. A at ——").

On January 30, 1991, between the time of the hearing and the subsequent Social Security award, Hurley injured his lower back and upper legs in a mine accident. In August 1991, he applied for a disability pension from the 1974 Pension Trust, a qualifying ERISA benefit plan, claiming the January 1991 back injury totally disabled him.

On September 14, 1992 the Trustees concluded Hurley's disability was not attribut-

Richard G. Rundle and S.F. Raymond Smith, Rundle & Rundle, Pineville, WV, for plaintiff.

able to a mine accident and denied Hurley's application for a disability pension. Hurley's appeal of the denial was affirmed on March 26, 1993. Hurley sought to reopen with new evidence in August 1995. The Trustees, however, adhered to their original decision to deny benefits. Hurley then filed this action pursuant to 29 U.S.C. § 1132 claiming the Trustees erred.

## B. Standard of Review:

The standard for review of a decision made by trustees of an ERISA benefit plan generally is *de novo*. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989); *Richards v. UMWA Health & Retirement Fund,* 895 F.2d 133, 135 (4th Cir.1990); *de Nobel v. Vitro Corp.* 885 F.2d 1180, 1186 (4th Cir.1989); *Sargent v. Holland,* 925 F.Supp. 1155, 1158–59 (S.D.W.Va.1996). Where the plan gives the trustees discretion to determine benefit eligibility or to construe plan terms, however, the standard of review is whether the trustees abused their discretion. *Firestone,* 489 U.S. at 111, 109 S.Ct. at 954–55.

The Court of Appeals has adopted an abuse of discretion standard to review the Trustees' decisions under the 1974 Pension Plan. *Boyd v. Trustees of the UMWA Health & Retirement Funds,* 873 F.2d 57, 59 (4th Cir.1989). Under this standard, if a trustee's decision is supported by substantial evidence, and is in accordance with the law, it must be sustained even if the Court believes that substantial evidence also supports a contrary result. *See Consolo v. Federal Maritime Comm'n,* 383 U.S. 607, 619, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966); *Hamrick v. Schweiker,* 679 F.2d 1078, 1082 (4th Cir. 1982); *Brogan v. Holland,* 908 F.Supp. 363, 370 (S.D.W.Va.1995).

In *Lockhart v. UMWA 1974 Pension Trust,* 5 F.3d 74, 77 (4th Cir.1993), the Court of Appeals, reversing this judge, discussed five criteria to be considered when determining whether the trustees of an employee benefit plan abused their discretion in denying benefits:

> [W]e must give due consideration, for example, to whether administrators' interpretation is consistent with the goals of the plan; whether it might render some language in the plan meaningless or internally inconsistent; whether the challenged interpretation is at odds with the procedural and substantive requirements of ERISA itself; whether the provisions at issue have been applied consistently; and of course whether the fiduciaries' interpretation is contrary to the clear language of the plan.

*Lockhart* noted the "dispositive principle remains, however, that where plan fiduciaries have offered a reasonable interpretation of disputed provisions, courts may not replace it with an interpretation of their own." [1] *Id.*

## C. Plan Provisions and Analysis:

Article II.C of the 1974 Pension Plan sets out the requirements for obtaining a disability pension:

> A Participant who (a) has at least 10 years of signatory service prior to retirement, and (b) becomes totally disabled as a result of a mine accident ... shall, upon retirement ... be eligible for a pension while so disabled. A Participant shall be considered to be totally disabled *only if by reason of such accident* such participant is *subsequently* determined to be eligible for Social Security Disability Insurance Benefits....

*Id.* (emphasis added).

Hurley concedes it was the January 1991 mine accident that "rendered him forever disabled." Pl.'s mem. in supp. of summ. jgt. at 9. The unambiguous language of the Plan provides one is totally disabled only if (1) subsequent to *and* (2) "by reason of" the identified accident, the participant is determined eligible for Social Security benefits. The ALJ in the SSA proceeding determined the onset date of Hurley's disability as August 17, 1988. The onset date is entitled to

---

1. Although neither of the parties raised the issue in their submissions, the Court also considers the five additional factors enunciated in *Haley v. Paul Revere Life Ins. Co.,* 77 F.3d 84, 89 (4th Cir.1996), to the extent they are relevant, in deciding whether the Trustees abused their discretion.

"great weight" in this circuit. *See, e.g., Richards v. UMWA Health & Retirement Fund,* 895 F.2d 133, 138 (4th Cir.1990).

 Given the onset date, and the fact that the January 1991 accident played no role in the ALJ's decision, Hurley cannot be considered totally disabled according to the Plan. In short, the Social Security determination was not "by reason of" the January 1991 mine accident.[2] Accordingly, Hurley is not entitled to a disability pension.[3]

## II. CONCLUSION

The Court concludes the Trustees did not abuse their discretion in denying Hurley's disability pension. Accordingly, Defendants' motion for summary judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED. This action is DISMISSED and stricken from the docket.

2. Hurley relies on an isolated quotation from *Robertson v. Connors,* 848 F.2d 472 (4th Cir. 1988) to demonstrate the Trustees have erroneously interpreted the Plan provision at issue. *Robertson* is inapposite, however, because the mine accident therein largely formed the basis for the Social Security disability determination. *Id.* at 474 (stating "In August 1982 an ... [ALJ] ruled that Robertson was eligible for Social Security disability benefits beginning from July 22, 1980, the date of Robertson's mine accident."). The quotation from *Robertson* Hurley relies upon first appeared in *Horn v. Mullins,* 498 F.Supp. 1197 (W.D.Va.1980), *aff'd,* 650 F.2d 35 (4th Cir. 1981):

> The only reasonable interpretation of the requirement that total disability be 'the result of a mine accident,' therefore, is that it requires total disability to have been proximately caused by the mine accident. That is, if the plaintiff was injured in a mine accident and that injury, whether in combination with a previous or subsequent condition, is substantially responsible for plaintiff's inability to perform his job and for whatever medical and vocational reasons he is unable to perform an alternative job, then his total disability results from a mine accident.

*Id.* at 1200. Hurley's reliance on this quotation is misplaced. First, the quotation was designed only to ameliorate the problem occurring when a mine injury, while substantially responsible for

the disability, is accompanied by other non-mine related injuries and conditions. Absent *Horn*'s reading of the requirement, "it could be found that ... [a claimant's] total disability did not result from a mine accident." *Id.; see Brogan v. Holland,* 908 F.Supp. 363, 369 (S.D.W.Va.1995). Second, like *Robertson* and unlike the instant case, *Horn* involved a mine accident that was substantially responsible for the subsequent award of Social Security benefits.

3. In the alternative, Hurley has not demonstrated his disability resulted from a mine accident under Article II.C. First, the ALJ determined Hurley was disabled in 1988, long before the January 1991 mine accident. Second, there is substantial evidence precluding the necessary causal link. Hurley continued to work regularly in the mines in the years following his early back injuries. Further, there is substantial evidence that Hurley's chronic back problems were caused by a congenital defect and not by mine accidents. The same conclusion obtains with respect to Hurley's psychological disability. There is substantial evidence to support the conclusion this disability was caused by the congenital back problem, the heart condition, or both. Significant, however, is the ALJ's further opinion that Hurley's "psychiatric impairments [are] secondary to the *cardiac problems*[.]" Ex. A at 261 (emphasis added).