**Grant R. OFFENBERG, Plaintiff,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., Defendants.**

No. CIV. A. 6:96–1908.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Dec. 2, 1997.

Larry L. Skeen, Ripley, WV, for Plaintiff.

Robert M. Steptoe, Jr., Steptoe & Johnson, Clarksburg, WV, Rodney L. Bean, Steptoe & Johnson, Morgantown, WV, for Defendants.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendants' motion for summary judgment.[1] After careful consideration, the Court **DENIES** Defendants' motion without prejudice and **REMANDS** Plaintiff Grant R. Offenberg's disability claim to the Plan Administrator for consideration of further evidence.

### I. FACTUAL BACKGROUND

Offenberg was a full-time salaried employee of Defendant Olin Corporation. He had worked over 22 years for Olin when he became permanently and totally disabled in April of 1993. Offenberg has a back condition which has required two spinal surgical procedures. In 1993 Olin provided insurance for its employees designated a Long Term Disability Plan through Defendant UNUM Life Insurance Company of America. Offenberg alleges he has qualified for benefits under the Plan.

Offenberg complains of severe pain in his back and legs and, subsequent to his leaving work, he suffered a heart attack. He was awarded two years of benefits by the Plan. After the two years passed, Offenberg was required to meet heightened eligibility requirements for continued coverage. Defendants concluded he did not meet these requirements as "[r]eview of [his] file at the conclusion of the initial two years revealed the medical information in [his] file did not substantiate a condition severe enough to render [him] unable to perform or be trained for any job for which he was reasonably suited[.]" Defs.' memo in supp. at 5. Offen-

berg appealed the decision through appropriate channels but failed to secure a modification of the denial of benefits.[2]

In an affidavit attached to Offenberg's response to Defendants' motion for summary judgment, Offenberg states as follows:

> Jaklin Roberts, UNUM's Disability Benefits Specialist, requested medical reports, x-rays and x-ray summaries concerning my back problems in her letter dated September 10, 1995. On September 15, 1995, my wife drove me approximately five miles to Jackson General Hospital in Ripley, West Virginia and she drove me approximately thirty miles to St. Joseph's Hospital in Parkersburg, West Virginia, to pick up all the requested x-rays and x-ray summaries.... I called Ms[.] Roberts several days later in an attempt to make arrangements to deliver these documents. However, she told me that there was no reason to deliver them to her as they would not assist her in any way because she could not read them and they would not be helpful. My wife also worked for Olin at that time. She had called Ms. Roberts a few days before I did to arrange delivery of my x-rays, and was also told there was no sense sending my x-rays as she could not read them and because UNUM had already made their decision.

Aff. of Grant R. Offenberg at 2–3. Offenberg's treating physician states by affidavit as follows:

> Throughout the past ten years or more Mr. Offenberg has had chronic low back pain. This is almost certainly on the basis of disc degeneration at the L5–S1 level. *This has been well documented on his radiographic studies.*

Aff. of Charles R. Loar, M.D. (emphasis added).

---

1. Plaintiff too filed, albeit untimely, a motion for summary judgment. Plaintiff has not demonstrated good cause for the late filing. Accordingly, the motion is **DENIED.**

2. Offenberg brought this action originally alleging state law claims and seeking (1) a declaratory judgment under the West Virginia Declaratory Judgments Act; and (2) punitive and compensatory damages. The Court granted in part Defen-

dants' motion to dismiss on, *inter alia,* preemption grounds. *Offenberg v. Unum Life Insurance Co. of Am.,* 6:96–1908 (S.D.W.Va. Feb. 4, 1997). The Court permitted Offenberg to amend his complaint to allege (1) a claim pursuant to 29 U.S.C. § 1132(a)(1)(B); and (2) the proper parties Defendant. *Id.* Offenberg amended, alleging a claim pursuant to 29 U.S.C. § 1132(a)(1)(B).

## II. DISCUSSION

Our Court of Appeals has often stated the settled standard and shifting burdens governing the disposition of a motion for summary judgment:

Rule 56(c) requires that the district court enter judgment against a party who, "after adequate time for ... discovery fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," To prevail on a motion for summary judgment, the [movant] must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) it is entitled to judgment as a matter of law. In determining whether a genuine issue of material fact has been raised, we must construe all inferences in favor of the [the nonmovant]. If, however, "the evidence is so one-sided that one party must prevail as a matter of law," we must affirm the grant of summary judgment in that party's favor. The [nonmovant] "cannot create a genuine issue of fact through mere speculation or the building of one inference upon another," To survive [the motion], the [nonmovant] may not rest on [his] pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue. As the *Anderson* Court explained, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff[.]"

*Harleysville Mut. Ins. Co. v. Packer,* 60 F.3d 1116, 1119–20 (4th Cir.1995) (citations omitted); *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.), *cert. denied,* 513 U.S. 813, 814, 115 S.Ct. 67, 68, 130 L.Ed.2d 24 (1994); *see also Cabro Foods, Inc. v. Wells Fargo Armored Serv. Corp.,* 962 F.Supp. 75, 77 (S.D.W.Va. 1997); *Spradling v. Blackburn,* 919 F.Supp. 969, 974 (S.D.W.Va.1996).

"At bottom, the district court must determine whether the party opposing the motion for summary judgment has presented genuinely disputed facts which remain to be tried. If not, the district court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly."

*Thompson Everett, Inc. v. National Cable Advertising, L.P.,* 57 F.3d 1317, 1323 (4th Cir.1995).

 In the context of a denial of benefits under ERISA, there is a further overlay on the *Celotex* trilogy, an overlay this Court has revisited numerous times. The standard for review of a decision made by trustees of an ERISA benefit plan generally is *de novo. Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989); · *Richards v. UMWA Health & Retirement Fund,* 895 F.2d 133, 135 (4th Cir.1990); *de Nobel v. Vitro Corp.* 885 F.2d 1180, 1186 (4th Cir.1989); *Sargent v. Holland,* 925 F.Supp. 1155, 1158 (S.D.W.Va. 1996). Where the plan gives the trustees discretion to determine benefit eligibility or to construe plan terms, however, the standard of review is whether the trustees abused their discretion. *Firestone,* 489 U.S. at 111, 109 S.Ct. at 954.

 Under the abuse of discretion standard, if a trustee's decision is supported by substantial evidence, and is in accordance with the law, it must be sustained even if the Court believes that substantial evidence also supports a contrary result. *See Consolo v. Federal Maritime Comm'n,* 383 U.S. 607, 619, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966); *Hamrick v. Schweiker,* 679 F.2d 1078, 1082 (4th Cir.1982); *Brogan v. Holland,* 908 F.Supp. 363, 370 (S.D.W.Va.1995), *aff'd,* 105 F.3d 158 (4th Cir.1997). There are compelling reasons for this "narrow standard of review[,]" not the least of which is that it " 'ensure[s] that administrative responsibility rests with those whose experience is daily and continual, not with judges whose exposure is episodic and occasional.' " *Brogan,* 105 F.3d at 164.

 These deferential considerations aside, however, Offenberg has asserted his attempts to submit objective medical evidence of his disability to the Plan were thwarted. The absence of this objective medical evidence potentially appears to have influenced the Plan's decision to deny benefits. *See* Defs.' memo at 16; Defs.' reply at 12 n. 3. Indeed, the Plan itself commits to considering such evidence, stating "you must

provide current objective medical evidence of the cause of your Disability or you will not qualify for benefits under this Plan." Ex. 5, Defs.' motion for summ. jgt. at 5. As stated in *Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003, 1008 (4th Cir.1985), "The case for a remand is strongest where the plan itself commits the trustees to consider relevant information which they failed to consider. . . ."[3]

In the interests of justice, then, the Court **REMANDS** this matter to the Plan Administrator for consideration of the evidence Offenberg attempted purportedly to proffer earlier. To facilitate a timely resolution of the case in this forum should Offenberg be denied benefits on remand, the Court **ORDERS** this action **STAYED** and **RETIRED** to the inactive docket pending a final determination from the Plan Administrator. The parties may move for reinstatement, if necessary, and the Court will enter a briefing schedule.

Accordingly, Defendants' motion for summary judgment is **DENIED** without prejudice.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** without prejudice Defendants' motion for summary judgment.

---

**3.** Defendants correctly cite *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783 (4th Cir.1995) and *Sheppard & Enoch Pratt Hosp. v. Travelers Ins. Co.*, 32 F.3d 120 (4th Cir.1994) for the proposition that in the context of an abuse of discretion review, the Court may consider only the evidence that was before the Plan Administrator at the time the disputed decision was made. This case is a different variety, of course, from those cited.

The "additional evidence" the Court is considering here is not new medical evidence or an explanation of such evidence. Rather, it is a brief affidavit by Offenberg, which the Court must accept as true, asserting the Plan refused to consider highly relevant, objective medical evidence after inviting submission of such evidence in the first place. Were this proffered evidence ultimately proven true, it could lead to a finding of bad faith by the Plan in reviewing Offenberg's claim. The Court certainly does not suggest bad faith at this juncture. Rather, it is constrained by *Rule 56, Federal Rules of Civil Procedure*, to accord trustworthiness to Offenberg's assertions.

Further, if the Court could not exercise its remand power in a situation such as this plan administrators could pick and choose the evidence they might rely upon, ignore other relevant evidence, and essentially "build" a record that would withstand abuse of discretion review. In essence, this would tie the Court's hands for even deferential review, leaving the Court with (1) an unassailable record; and, at the same time, (2) an incomplete picture of the claimant's actual condition. The parties point to no specific case law requiring such a strained result.